In the Matter of JOSEPH WILKENFELD, an Attorney,
Respondent.

First Department, November 23, 1917.

**Attorney at law disbarred — conversion of client's money.**

Attorney at law disbarred for converting his client's money to his own
use, with full knowledge on his part of the violation of his professional
obligations.

DISCIPLINARY proceedings instituted by the Association of
the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

CLARKE, P. J.:

Respondent was admitted to the bar at a term of the
Appellate Division in the First Department in June, 1897,
and has been and is now practicing in the First Judicial
District.

The charges were that having been retained to argue an
appeal from a judgment recovered by his clients he was paid
$50 as a retainer and $75 for disbursements. The judgment
was affirmed in July, 1915, and the respondent received from
the attorney of the judgment debtor $640 in settlement of
said judgment which he converted to his own use and for
several months thereafter concealed from his clients the fact
that it had been collected. In November he gave to his
clients a check for the sum of $670 which included the $640
he had received from the judgment debtor and $30 to which
they were entitled from the money advanced for disburse-
ments. This check proved to be worthless. On December
3, 1915, he gave his personal note to his clients for $670,
payable on demand, with the understanding that it would
not be presented for payment until the expiration of at least
ten days. The note was duly presented for payment on
December 28, 1915, but the respondent failed to pay it.

In November, 1915, an action was commenced against his
clients for commissions and he was retained to defend the
action, and at his suggestion was given by them the sum of

$65.18 for the purpose of making a tender to the plaintiff in the action. This tender was not made, but respondent converted the money to his own use, making the total amount converted $735.18.

After several demands he paid in installments $350. Upon his failure to pay the balance his clients retained a firm of lawyers who succeeded in collecting $150, and in July, 1916, a summary proceeding was instituted for the recovery of the money still due. This proceeding resulted in an order dated October 18, 1916, directing the respondent to pay over to his former clients $260.18, with interest thereon.

Respondent has failed to comply with the terms of this order.

The respondent interposed no answer although he appeared upon the reference and testified. After speaking of the efforts he had made to raise funds to make good the money he had received and converted, and his inability to do so, he made the following statement: " I realize that that in itself is no excuse. I realize that I had no right to use that money, and I am not making any statement to try and justify my conduct. I realize under the decisions I committed a great wrong. * * * I have consulted no counsel. I have taken no advice, because I realized — I am a lawyer myself, and I know there is no justification for what I have done."

Respondent was given an opportunity to furnish letters of recommendation and a memorandum upon the facts. No letters of recommendation were furnished to the official referee and the respondent did not appear in this court upon the motion made upon the referee's report. The learned official referee reports that the evidence fully sustains the charges made against the respondent and finds him guilty of misconduct as charged in the petition.

An examination of the record fully sustains that finding and we approve the same. It thus appearing that the respondent has converted his client's money to his own use, with full knowledge on his part of the violation of his professional obligation, it follows that he must be disbarred.

LAUGHLIN, DOWLING, PAGE and SHEARN, JJ., concurred.

Respondent disbarred. Order to be settled on notice.